## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IN THE MATTER OF THE GUARDIANSHIP<br><br>OF<br><br>YUK LAN MOYLAN,<br>Ward. | SPECIAL PROCEEDINGS SP106-07<br>*Related Appeal CVA19-022*<br><br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on December 10, 2019, upon Petitioner-Appellee Lina Leialoha M. Alston's ("Mrs. Alston") *Ex Parte* Motion for Order to Appellant to Order Transcripts. Mrs. Alston is represented by Attorney Jacqueline Taitano Terlaje. Defendant-Appellant, Richard E. Moylan ("Mr. Moylan") is represented by Attorneys Gary Gumataotao and Douglas Moylan. The ward in this matter, Yuk Lan Moylan ("Mrs. Moylan"), is the mother of both Mrs. Alston and Mr. Moylan. Having reviewed the record and the arguments presented, the Court now issues the following Decision and Order **GRANTING** Mrs. Alston's *Ex Parte* Motion for Order to Appellant to Order Transcripts.

# BACKGROUND

This matter was tried before the Court on July 23, 2019. The Court ordered both parties to submit proposed findings by August 7, 2019. On August 7, 2019, Mr. Moylan filed his proposed findings. On August 19, 2019, Mrs. Alston filed an *Ex Parte* Motion to Enlarge Time for Filing of Proposed Findings of Fact and Conclusions of Law, along with two supporting declarations and her proposed findings. On August 20, 2019, Mr. Moylan filed an opposition to Mrs. Alston's Motion to Enlarge Time. On August 29, 2109, after reviewing both parties arguments and filings, the Court granted Ms. Alston's Motion to Enlarge Time and therefore considered Mrs. Alston's proposed findings.

After having considered the testimony and the evidence presented at trial, the Court issued a Findings of Fact and Conclusions of Law on September 27, 2019. The September 27, 2019, Findings of Fact and Conclusions of Law found that Mrs. Moylan is in need of a guardian. The Court ordered that Mrs. Alston be appointed as Mrs. Moylan's limited guardian of her person and her estate and shall have certain enumerated limited guardianship powers.

On October 28, 2019, Mr. Moylan filed a Notice of Appeal in Supreme Court Case CVA19-022, giving notice of his appeal of the Court's Findings of Fact and Conclusions of Law issued on September 27, 2019. On November 7, 2019, Mr. Moylan filed his Statement of Issues with the Supreme Court of Guam. On November 7, 2019, Mr. Moylan also indicated that he would not require any transcript from any of the Court's hearings to be transcribed. Certificate Re: Transcript (Nov. 7, 2019).

## FACTS

1. On October 28, 2019, Mr. Moylan appealed the Court's Findings of Fact and Conclusion of Law filed on September 27, 2019.

2. On November 7, 2019, Mr. Moylan filed a Statement of Issues with the Supreme Court.

3. On November 7, 2019, Mr. Moylan filed a Certificate of No Transcript.

4. On November 25, 2019, the Clerk of Court issued her Amended Transmittal of Record.

5. On November 25, 2019, Mrs. Alston filed with the Supreme Court of Guam her Designation of Record to be Transcribed for Appeal.

6. On December 5, 2019, Mr. Moylan emailed Mrs. Alston stating that he will not require a transcript to be created for purposes of his legal brief for his appeal.

7. On December 10, 2019, Mrs. Alston filed an *Ex Parte* Motion for Order to Appellant to Order Transcripts.

8. The last day for a timely filed opposition brief to Mrs. Alston's *Ex Parte* Motion for Order to Appellant to Order Transcripts was January 7, 2020.

9. Mr. Moylan filed his opposition brief on January 10, 2020.

10. Mrs. Alston did not file a Reply.

## ISSUES

1. Whether Mrs. Alston's *Ex Parte* Motion for Order to Appellant to Order Transcripts is timely.

2. Whether Mr. Moylan's opposition was timely filed.

3. Whether Mrs. Alston's Designation of Record to be Transcribed for Appeal directly relates to the Court's September 27, 2019, Findings of Fact and Conclusion of Law such

that the designated record is needed to ensure a full and complete record necessary to determine the issues presented on appeal.

4. Based on the issues set forth on appeal, whether the Court should order Mr. Moylan to order Mrs. Alton's designated transcript to be transcribed.

## PRINCIPLES OF LAW

### I. Procedural Timeliness

When computing time periods specified in the Guam Rules of Appellate Procedure ("GRAP"), if the time period is specified in days and does not specify a method of computing time, the following rules will apply: 1. Exclude the day of the act, event, or default that begins the period; 2. Exclude intermediate Saturdays, Sundays and legal holidays when the period is less than eleven (11) days, unless stated in calendar days; and 3. Include the last day of the period unless it is a Saturday, Sunday, or legal holiday, in which case the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. GRAP 11(a)(1)(A-C).

In determining whether a party's failure to timely file papers was the result of excusable neglect, the United States Supreme Court - within the context of Rule 60(b) of the Federal Rules of Civil Procedure ("FRCP")- adopted the following factors for a court to consider: 1. The danger of prejudice to the opposing party; 2. The length of the delay and the potential impact on judicial proceedings; 3. The reason for the delay, including whether it was within the reasonable control of the moving party; and 4. Whether the moving party acted in good faith. *Pioneer v. Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 395 (1993).

The Guam Rules of Appellate Procedure provides that "[u]nless the entire transcript is

ordered . . . if the Appellee considers it necessary to have a transcript or other parts of the proceedings, the Appellee must, within ten (10) days after the service of the order or certificate and the statement of issues, file and serve on the Appellant a designation of additional parts to be ordered." GRAP 7(b)(3)(B). Further, the rule provides that if the Appellant does not order the additional transcripts requested by the Appellee within ten (10) days, the Appellee may within the following ten (10) days either "order the parts or move in the Superior Court for an order requiring the Appellant to do so." GRAP 7(b)(3)(C).

## II. Duty to Order Transcripts

In any given case, "the appellant has the responsibility of ordering the appropriate transcripts of the proceedings at issue. This means the appellant must place into the record all evidence, good and bad, material to the point he wishes to raise and necessary for the determination of the issues presented on appeal." *J.J. Moving Services, Inc. v. Sanko Bussan (Guam) Co., Ltd.*, 1998 Guam 19 ¶ 10.

## ANALYSIS

## I. Timeliness of Appellee's *Ex Parte* Motion for Order to Appellant to Order Transcripts

The first issue that the Court will address is the timeliness of Mrs. Alston's *Ex Parte* Motion for Order to Appellant to Order Transcripts, pursuant to GRAP 7(b)(3). On November 7, 2019, Mr. Moylan filed a Certificate of No Transcript wherein he indicated that he had no intent to order any transcript to be transcribed for any purpose of his appeal. After Mr. Moylan filed his Certificate of No Transcript, Mrs. Alston timely filed her Designation of Record to be Transcribed for Appeal on November 25, 2019, pursuant to GRAP 7(b)(3)(B). Upon Mrs. Alston's timely filing of her Designation of Record to be Transcribed, Mr. Moylan had until

December 10, 2019, to order the transcripts designated by Mrs. Alston to be transcribed and notify Mrs. Alston of such action. Mr. Moylan did not order the designated transcript to be transcribed before the December 10, 2019, deadline and furthermore confirmed his intent of not ordering the transcript five (5) days before the deadline by sending Mrs. Alston's attorney an email on December 5, 2019, reaffirming his position on the transcript.

Pursuant to GRCP 7(b)(3)(C), after the December 10, 2019, deadline, Mrs. Alston had until December 24, 2019, to move in the Superior Court of Guam for an order requiring Mr. Moylan to order the designated transcript to be transcribed. Mrs. Alston filed and served her *Ex Parte* Motion for Order to Appellant to Order Transcripts on December 10, 2019. Because Mrs. Alston filed her *Ex Parte* Motion for Order to Appellant to Order Transcripts well before the December 24, 2019, the Court finds that Mrs. Alston's *Ex Parte* Motion for Order to Appellant to Order Transcripts was timely filed in accordance with GRAP 7(b)(3).

**II.     Timeliness of Appellant's Opposition to Appellee's *Ex Parte* Motion for Order to Appellant to Order Transcripts**

The second issue that the Court will address is the timeliness of Mr. Moylan's opposition. The opposing party may within twenty-eight (28) days of the filing of the motion, file with the clerk and serve upon all parties an opposition containing a memorandum that contains points and authorities that the opposing party is relying on. Guam Civil Rule 7.1(d)(1)(A). Here, Mrs. Moylan filed her motion on December 10, 2019, which made any opposition brief to Mrs. Alston's motion due no later than January 7, 2020. Mr. Moylan filed his opposition on January 10, 2020.

The Court finds that Mr. Moylan was served a copy of Mrs. Moylan's motion and its related pleadings on December 10, 2019.[1] Mr. Moylan did not file any motion with the Court before the January 7, 2020, deadline requesting the Court to extend the due date for any just cause. Furthermore, Mr. Moylan did not contemporaneously file with his opposition any motion or declaration in which he argues that despite his untimely filing, the Court should still consider his opposition.

The Court finds that the date of service by Mrs. Alston gave Mr. Moylan sufficient notice of his opposition's due date. The Court also finds that Mr. Moylan has not provided the Court with any justification for his untimeliness. However, the Court acknowledges that Mr. Moylan's opposition was filed only three (3) days past the deadline, there is no evidence of bad faith in Mr. Moylan's actions, and that Mrs. Alston would be prejudiced should he be ordered to order the designated transcripts without the Court considering his reasons for the designated transcripts being unessential. Therefore, although the Court finds that Mr. Moylan's opposition is untimely, the Court holds that it will exercise its discretion and consider Mr. Moylan's opposition in making its decision.

**III.     Relevance and Necessity of Designated Transcripts**

The third issue the Court will address is whether the transcripts requested by Mrs. Alston are necessary and relevant to the issues that Mr. Moylan has appealed to the Supreme Court of Guam. Mr. Moylan has presented two issues on appeal. The first issue presented by Mr. Moylan on appeal is whether the lower Court erred in appointing and issuing limited letters

---

[1] Mrs. Moylan's counsel, Jacqueline Taitano Terlaje, filed a Declaration of Counsel on December 11, 2019, that declared under the penalty of perjury that she caused the pleadings related to Mrs. Moylan's *Ex Parte* Motion for Order to Appellant to Order Transcripts to be delivered to Mr. Moylan's Counsel, Douglas Moylan, via personal delivery on December 10, 2019, but his office was closed. Therefore, pursuant to the posted instructions outside of Douglas Moylan's office, the pleadings related to Mrs. Moylan's *Ex Parte* Motion for Order to Appellant to Order Transcripts were placed in the drop box located outside of his office.

of guardianship, with limited guardianship powers, to Leialoha Alston as the limited guardian of the person and estate for Yuk Lan Moylan. The second issue presented by Mr. Moylan on appeal is whether the lower court erred in how it set the bond for the estate of Yuk Lam Moylan.

Mr. Moylan argues in his Opposition to Alston's Motion that his appeal is "primarily one of law" and that the Court's Findings of Fact and Conclusions of Law issued on November 27, 2019, provides a sufficient amount of information needed for the Supreme Court of Guam to properly review the two issues set forth by Mr. Moylan on appeal. The Court disagrees.

The Court finds that it is of vital importance that the Supreme Court be fitted with a record of all the pertinent hearings, not simply summaries of facts. Specifically, hearings that the Court held that gave rise to the issues being appealed. As such, the Court finds that by providing the Supreme Court of Guam with a written record of all pertinent hearings as well as all relevant documents on the record, the Supreme Court of Guam will have a clearer understanding of how the Court applied all the relevant evidence presented with the applicable law.

The first issue that Mr. Moylan is appealing is the Court's order establishing Mrs. Alston as the limited guardian of Mrs. Moylan. The record that Mrs. Alston is requesting is Document Sequence No. 624C ("Document 624C") and is titled "Minute Entry 7-23-19 (Guardianship)" in the Superior Court of Guam Clerk of Court's Amended Transmittal of Record filed on November 25, 2019, in the Supreme Court of Guam. The contents of Document 624C reflect the arguments presented on July 23, 2019, by both parties in support of their guardianship petitions for Mrs. Moylan. The Court has reviewed the contents of Document 624C and finds that it reflects testimonial evidence that the Court relied upon in deciding the guardianship of

Mrs. Moylan. The Court therefore finds that Document 624C is directly related and relevant to the first issue that Mr. Moylan is appealing.

The second issue that Mr. Moylan has presented on appeal is whether the Court erred in how it set the bond amount for the estate of Mrs. Moylan. Given the Court's determination that the designated transcripts are necessary and relevant for the first issue raised on appeal by Mr. Moylan, there is no need for the Court to analyze whether the designated transcripts are necessary and relevant for the second issue.

After reviewing the Court's Finding of Facts and Conclusions of Law together with the designated transcripts requested by Mrs. Alston, the Court finds that the requested transcripts are necessary for a full and complete record, and necessary for Mrs. Alston's defense against Mr. Moylan's appeal.

## IV.  Appellant To Order Transcript

The Court holds that when a party decides to appeal a decision or order, that party "has the responsibility of ordering the appropriate transcripts of the proceedings at issue. This means the appellant must place into the record all evidence, good and bad, material to the point he wishes to raise and necessary for the determination of the issues presented on appeal." *J.J. Moving Services, Inc. v. Sanko Bussan (Guam) Co., Ltd.*, 1998 Guam 19 ¶ 10.

The Court is aware that Mr. Moylan does not consider the designated transcripts as necessary. However, the Court finds the designated transcript to contain sworn testimony by both parties that was not referenced in its entirety in the Court's Findings of Fact and Conclusions of Law but was still analyzed against the applicable laws by the Court in making its decision. As such, the Court holds that although Mr. Moylan does not intend to utilize the

designated transcripts, it is still his duty as the appellant to provide the Supreme Court with all material evidence for any issue that he wishes to appeal.

**CONCLUSION**

For the reasons set forth above, the Court **GRANTS** Mrs. Alston's *Ex Parte* Motion for Order to Appellant to Order Transcripts and **ORDERS** Mr. Moylan to order the transcripts designated in Mrs. Alston's Designation of Record to be Transcribed for Appeal filed on November 25, 2019.

SO ORDERED, this ___13___ day of ___Feb___ 2020.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

Jackie Terlaje
Gumataotao, Moylan
Date 2/13/20

Deputy Clerk, Superior Court of Guam